UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL KUZMA,                                          **REPORT,**
                                                        **RECOMMENDATION**
                                   Plaintiff,           **AND ORDER**

                                                        12-CV-00102(A)(M)

v.

UNITED STATES DEPARTMENT OF JUSTICE,

                                   Defendant.

_____

        This action was referred to me by District Judge Richard J. Arcara for supervision

of pretrial proceedings [14].[1] Pursuant to the Freedom of Information Act, 5 U.S.C. §552,

plaintiff seeks to compel production of documents from the government relating an individual

named Frank Black Horse, in connection with its investigation into the shooting deaths of FBI

Special Agents Jack Coler and Ronald Williams at the Pine Ridge Indian Reservation in South

Dakota on June 26, 1975. Complaint [1]. Plaintiff has moved to compel the government to provide

an "index of the withheld documents and portions of documents at issue in this case, pursuant to

Vaughn v. Rosen, 484 F. 2d 820 (D. C. Cir. 1973), cert. denied, 415 U. S. 977 (1974)" [16]. The

government responds [20] that it has not withheld any documents which are responsive to plaintiff's

request.

        At oral argument on June 1, 2012 [22], the parties agreed to have me review the

documents in dispute to determine whether they are derived from a public source and should be

disclosed to plaintiff. Thereafter, they filed a "Stipulation for *In Camera* Review of Documents" [24]

in which they consented to have me conduct an *in camera* review of 927 pages of government

---

[1]      Bracketed references are to CM/ECF docket entries.

documents to determine whether any of them constitute "public source documents". Paragraph 3 of

the Stipulation defines "public source documents" as "encompass[ing] public court records as well

as material located within FBI records which originated with or was created by an outside, non-

government or non law enforcement entity, e.g., a newspaper or magazine article, or other

publications which can be released because they are not subject to copyright protection".

By letter dated June 13, 2012, counsel for the government provided me with 919

pages of documents for my *in camera* review, numbered "Kuzma-000001 - Kuzma 000919".[2]

Having now completed that review, I have found no documents fitting the parties' definition of

"public source documents", and have advised the parties of that fact in writing. Paragraph 7 of

the Stipulation [24] states that "[i]n the event this Court finds that there are no public source

materials among the Documents, it will inform the parties in writing. Thereafter, Plaintiff's

motion for a *Vaughn* Index (Docket No. 16) will be withdrawn and this action will be dismissed

in its entirety without further action".


**CONCLUSION**

For these reasons, I order that plaintiff's motion for a Vaughn index [20] be

deemed withdrawn, and I recommend that this action be dismissed.  Unless otherwise ordered by

Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of

this court by August 6, 2012 (applying the time frames set forth in Fed. R. Civ. P. ("Rules")

---

[2]      While the parties had contemplated that 927 pages would be submitted for my review
(Stipulation [24], ¶2), the government submitted a cover letter from David M. Hardy, author of the
declaration [20-1] furnished in opposition to plaintiff's motion, staing that "in double checking the page
count, the number of pages initially reported as 927 was inaccurate. The correct count is 919 pages".

6(a)(1)(C), 6(d), and 72(b)(2)).  Any requests for extension of this deadline must be made to

Judge Arcara.  A party who "fails to object timely . . . waives any right to further judicial review

of [this] decision".  Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn,

474 U.S. 140, 155 (1985).

       Moreover, the district judge will ordinarily refuse to consider *de novo* arguments,

case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance.  Patterson-Leitch Co. v. Massachusetts Municipal

Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

       The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local

Rules of Civil Procedure, written objections shall "specifically identify the portions of the

proposed findings and recommendations to which objection is made and the basis for each

objection . . . supported by legal authority", and must include "a written statement either certifying

that the objections do not raise new legal/factual arguments, or identifying the new arguments and

explaining why they were not raised to the Magistrate Judge".  Failure to comply with these

provisions may result in the district judge's refusal to consider the objections.

Dated: July 20, 2012

                                   /s/ Jeremiah J. McCarthy
                                   JEREMIAH J. MCCARTHY
                                   United States Magistrate Judge